UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Yaoxing Xu, Individually And on behalf of All Other
Employees Similarly Situated,

                                    Plaintiff,

                    - against -

Mapo Tofu Food Corp. d/b/a Mapo Tofu,
Jun Zeng and Kailan Feng

                                    Defendants.

---

Case No.

**COLLECTIVE & CLASS
ACTION COMPLAINT**

Jury Trial Demanded

        Plaintiff Yaoxing Xu ( " Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants Mapo Tofu Food Corp. d/b/a Mapo Tofu, Jun Zeng and Kailan Feng (collectively "Defendants"), allege and show the Court the following:

**INTRODUCTION**

        1.        This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

        2.        Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, wages at or above the minimum wage rates established for all hours worked and unlawfully retention of tips intended for Plaintiff and other tipped employees.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unlawful gratuity retentions, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) minimum wages, (2) unlawful gratuity retentions intended for Plaintiff, (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Yaoxing Xu is an individual residing in Queens, New York and was employed by Defendants at their restaurant Mato Tofu located at 338 Lexington Ave, New York, NY 10016 as a delivery worker from approximately March 2013 to September 15, 2017.

## DEFENDANTS

8.     Upon information and belief, Defendant, Mapo Tofu Food Corp. owns and operates a restaurant under the name of Mapo Tofu located at 338 Lexington Ave, New York, NY 10016.

9.     Upon information and belief, Defendant Mapo Tofu Food Corp. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

10.     Upon information and belief, Mapo Tofu Food Corp. purchased and handled goods moved in interstate commerce.

11.     Upon information and belief, Defendants Jun Zeng and Kailan Feng are the owner, officer, director and/or managing agent of Mapo Tofu Food Corp. d/b/a Mapo Tofu at 338 Lexington Ave, New York, NY 10016 and participated in the day-to-day operations of Mapo Tofu and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Mapo Tofu Food Corp. (See Exhibit 2).

12.     Upon information and belief, Defendants Jun Zeng and Kailan Feng own the stock of Mapo Tofu Food Corp. and manages and makes all business decisions including but not limited to the amount in salary the employees will receive and the number of hours employees will work.

13.     At all times relevant herein, Mapo Tofu Food Corp. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

14.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Mapo Tofu Food Corp.

15.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages, spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

16.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

17.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

18.     Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

### *Plaintiff*

19.     From approximately March 15, 2013 to September 15, 2017, Defendants hired Plaintiff to work as a delivery worker for Defendants' restaurant Mapo Tofu located at 338 Lexington Ave, New York, NY 10016.

20.     Plaintiff was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip credits, claimed by Defendants, and the regular pay day designated by Defendants.

21.     Defendants did not inform Plaintiff in advance of their use of tip credit according to Section 203 of the Fair Labor Standards Act.

22.     Plaintiff worked 2 full days on Saturday and Sunday from on or about 12:00 pm to around 10:20 without an uninterrupted 30-minute meal break for about ten hours and twenty minutes (10.20) per day. Plaintiff worked two half work days out of any of the five week days from Monday to Friday subject to Defendants' prior arrangement. On any half-work day, he would work from on or around 6:00 pm to around 10: 20 pm without an uninterrupted 30-minute meal

break for about four hours and twenty minutes (4.20) per day. Plaintiff therefore worked around twenty-nine hours and twenty minutes (29.20) a week.

23.      At all times, Plaintiff was a tipped employee. Plaintiff, however, was required to spend more than 20% of his time to perform non-tipped works[1], on both of his full work days, such as packaging food for delivery, help prepare and replenish items needed for delivery orders , on Saturday and Sunday when he work two full days.

24.      Defendants did not implement any means (time punch card, written time sheets, computer time logs etc.) to track the number of hours Plaintiff actually worked, instead, Defendants calculated Plaintiff's compensation generally based on Plaintiff's work schedule.

25.      Plaintiff's compensation was calculated on an hourly basis, specifically, Plaintiff was paid $5.00 per hour in 2013, $5.65 per hour for both the year of 2014 and 2015, and $7. 50 per hour for both 2016 and 2017.

26.      Plaintiff was allegedly given a 30 minutes meal break on his half-day and two meal breaks on his full work day. Plaintiff, however, rarely had a full 30-minute meal break without interruption. Defendants required Plaintiff to terminate his break in order to make delivery and/or perform other work, as needed.

27.      From April 2013 to December 2013, Defendant would automatically deduct 30 minutes from Plaintiff's compensable hours regardless of whether Plaintiff actually had an uninterrupted 30 minutes break. Such deduction stopped in 2014.

---

[1] Plaintiff generally was not required to do non-tipped side works when he works half days.

28.     Throughout his employment, despite of regularly working over 10 hours on Saturdays and Sundays, Plaintiff was only compensated for seven (7) hours per day for his work on Saturday and Sunday[2].

29.     Plaintiff, and other tipped employees, regularly received tips paid by cash, through credit card, or placed via internet online delivery service platform such as Seamless, Grubhub etc.

30.     Starting in 2014, as a general policy and practice, Defendants uniformly deducted five percent (% 5) of all tips that customers paid by credit card (not the ones that placed via the internet) ( the "credit card tips"), stating the deduction was made due to tax-related reasons.

31.     Starting in 2014, Defendants also start to withhold fifteen percent (15%) of customer tips intended for Plaintiff from orders placed via internet food delivery service ( the "internet tips"), stating the deduction was made due to tax-related reasons.

32.     Plaintiff and other delivery workers pool their tips together. There were generally two or three delivery workers share the tips. The %5 credit card tip deduction resulted in about $30 to $40 tip deduction for a week. When Plaintiff work half days, the %15 internet tips deduction would resulted in a proximately $8 or $9 tip deduction from Plaintiff's tips for the day. When Plaintiff work full days, the %15 Internet tips deduction would resulted in proximately $14 to $15 tip deduction per day.

33.     When tips are given by customers via credit card, the employer must pay the employee the amount due no later than the next regularly scheduled pay day. The employer may subtract from the employee's tips the pro-rated share of the charge levied by the credit card company. An employer remitting tips to an employee must include a breakdown between the tips

---

[2] Coupled with the 30-minute meal break automatic deduction from work hours, Plaintiff, in effect, was only paid 6 and a half hours for his work on Saturday and Sunday for the period from April 2013 to December 2013.

and the wages on the employee's wage statement, which must meet all other requirements for wage statements.

34.     Defendants knew that they were going to retain %5 of all credit card tips but failed to give Plaintiff a breakdown which includes the deductions and other details.

35.     Defendants did not give proper written notice to the Plaintiff regarding the %5 credit card tips deduction or regarding the %15 internet tips deduction when Defendants starts to implement such policies in 2014.

36.     In addition to the tip deductions, Defendants also failed to maintain accurate tip records for Plaintiff.

37.     Plaintiff was paid twice per month. Plaintiff and other delivery workers would pool their cash tips for the day and calculate the total amount among themselves. They would also calculate the total amount of the credit card tips and the internet tips and present the total to the Defendants.  Defendants would then distribute the equivalent cash amount of the credit card tips (minus the %5 deduction) and the equivalent cash amount of the internet tips (minus the % 15 deduction) to the delivery workers. The delivery workers would then combine all those cash payments and then divided it equally among themselves.

38.     Defendants did not provide Plaintiff with a correct pay stub with every payment of wages.

39.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

40.     Defendants failed to keep an accurate record of the daily amount of tips received by Plaintiff, FLSA collective and the class members, and also failed to keep the proper employment records required under the FLSA and NYLL.

41.    Defendants did not compensate Plaintiff , the FLSA collective and the class, for the proper minimum wage according to state and federal laws

42.    Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

43.    Defendants did not provide Plaintiff with wage notices at the time of his hiring.

44.    The applicable minimum wage for the period of December 31, 2013 to December 31, 2014 is $8.00 per hour.

45.    The applicable minimum wage for the period of December 31, 2014 to December 31, 2015 is $8.75 per hour.

46.    The applicable minimum wage for the period of December 31, 2015 to December 31, 2016 is $9.00 per hour.

47.    The applicable minimum wage for the period of December 31, 2016 to present is $11.00 per hour for a New York City employer that has over 10 employees.

48.    Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

49.    During relevant times, Defendants unlawfully withheld a portion of Plaintiff's tips by impermissible taking deductions for alleged unspecified tax reasons from tips paid by credit card and from tips placed through the internet service website.

50.    Defendants did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Class members' pay increase(s).

8

51.    Defendants committed the foregoing acts against the Plaintiff, the putative FLSA Collective, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

52.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees, in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

53.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

54.    Defendants knowingly and willfully operated their business with a policy of impermissible retention of tips that was intended for Plaintiff and other similarly situated employees.

55.    Plaintiff brings this action individually and on behalf of all other and former non-exempt tipped employees who have been or were employed by  the Defendants at their restaurant location for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive proper minimum wages for all hours they worked , spread-of-hours pay, and all the tips they earned and entitled to under the law (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

56.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are

presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

57.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

58.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

59.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

60.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds

generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether Defendants give proper notice as to taking a tip credit and therefore can properly claim a tip credit against the regular minimum wage.

e. Whether Defendants' deduction of %5 credit card tips is impermissible deductions in violation of the FLSA and NYLL.

f. Whether Defendants decoction of the %15 internet service based tips is impermissible deductions in violation of the FLSA and NYLL.

g. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

h. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

i. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

61.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

62.    Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

63.    Plaintiff brings their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their restaurant doing business as Mapo Tofu on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

64.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

65.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

66.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and impermissible deductions of tips. Defendants' corporation wide policies and practices, including

but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

67.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage and hour employment litigation cases.

68.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of

conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

69. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

70. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Defendants paid Plaintiff and Class members the New York minimum wage for all hours worked;

c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

d. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

71.    Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

72.    At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

73.    At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

74.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

75.    The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

76.    At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

77.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

78.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiff and Rule 23 Class]**

79.     Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

80.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

81.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

82.     Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

**COUNT III**
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

83.     Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

84.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

85.    Defendants' failure to pay Plaintiff and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT IV
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

86.    Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

87.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

88.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

89.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

90.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT V**
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

91.     Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

93.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

94.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**COUNT VI**
**[Violation of New York Labor Law - Illegal Retention of Gratuities]**
**Brought on Behalf of Plaintiff and all Rule 23 Class Members**

95.     Plaintiff re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

96.     At all times relevant to this action, Plaintiff was employed by some or all of the Defendants within the meaning of NYLL §§ 2 and 651.

97.     New York Labor Law prohibits any deduction from wages, other than standard deductions for taxes, deductions required by law, and deductions for the benefit of the employee that have been expressly agreed upon in writing by the employee. N.Y.Lab.Law§193.

98.     New York Labor Law further prohibits an employer or his agent from demanding or accepting, "directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y.Lab.Law§196-d.

99.     Defendants improperly retained part of Plaintiff's gratuities for unauthorized purpose in violation of NYLL § 196-d.

100.    Defendants' retention of Plaintiff's gratuities was willful.

101.    Accordingly, Plaintiff is entitled to recover from Defendants, jointly and severally, damages in the amount of unlawfully retained gratuities and an amount equal to one quarter of their unlawfully retained gratuities in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-and post-judgment interest, pursuant to NYLL § 198.

## COUNT VII
### [Violation of the Fair Labor Standards Act — Improper Retention of Tips Brought on behalf of Plaintiff, FLSA Collective]

102.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

103.    Plaintiff brings this Cause of Action pursuant to 29 U.S.C § 216(b) on behalf of himself and all other similarly situated persons, if any, who consent in writing to join this action.

104.    The FLSA prohibits any arrangement between the employer and a tipped employee whereby any part of the tip received becomes the property of the employer. A tip is the sole property of the tipped employee.

105.    Upon information and belief, Defendants did not allow Plaintiff and the FLSA Collective to retain all the tips they earned. Rather, upon information and belief, Defendants unlawfully retained portions of the tips earned by Plaintiff and the FLSA Collective.

106.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

107.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

108.    Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective, are entitled to recover from Defendants the tips that were unlawfully retained by the Defendants, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

## **Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective Plaintiff and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to

join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)    Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)    Certification of this case as a collective action pursuant to FLSA;

e)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)    An injunction against Mapo Tofu, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)    An award of unpaid wages and minimum wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

j)    An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

l)    An award of liquidated and/ or punitive damages as a result of Defendants' willful deduction of Plaintiff' tips, failure to pay wages, minimum wages and "spread of hours" premium pursuant to New York Labor Law;

m)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)    The cost and disbursements of this action;

o)    An award of prejudgment and post-judgment fees;

p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York November 20, 2017        HANG & ASSOCIATES, PLLC.

_/S JIAN HANG_ _____
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
_Attorneys for Plaintiff_

# EXHIBIT 1

**CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Mapo Tofu Food Corp., Jun Zeng, Kailan Feng and /or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

YHO-FING XU

Full Legal Name (Print)

YHO XING XU

Signature

13/10 2017

Date

25

# EXHIBIT 2

### NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
### FOR SERVICES RENDERED

TO:    Jun Zeng

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Yao Xing Xu and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  Mapo Tofu Food Corp. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: November 20, 2017

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:    Kailan Feng

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Yao Xing Xu and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  Mapo Tofu Food Corp. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


      Dated: November 20, 2017