```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YAOXING XU, *individually and on behalf of all other employees similarly situated*,

              Plaintiff,

-against-

MAPO TOFU FOOD CORP, *et al.*,

              Defendants.
-----------------------------------------------------------------X

1:17-cv-09087-GHW

<u>ORDER</u>

GREGORY H. WOODS, United States District Judge:

    Plaintiff Yaoxing Xu was employed as a delivery worker at Defendants' Manhattan restaurant, Mapo Tofu, for four years before his employment was terminated in September 2017. He filed this action on November 20, 2017, alleging that the defendants, his former employers, violated various provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law.

    Mr. Xu moves for conditional certification of a collective action, supported, in part, by his own declaration. Dkt. Nos. 31, 33. Plaintiff further seeks court-facilitated notice of this action, including a consent form, and this Court's approval of his proposed notice and consent form. He asks the Court to order posting of the notice and consent forms in a conspicuous place at Defendants' place of business. Finally, Plaintiff seeks the production of names, last known mailing addresses, alternate addresses, telephone numbers, and dates of employment of all current and former tipped employees (including delivery workers, waiters, and waitresses) who worked for Defendants within the three years prior to the filing of this action. *See* Dkt. No. 32, at 1. Defendants oppose conditional certification, arguing that Plaintiff's declaration is insufficient. Dkt. No. 36. Defendants have not submitted any comments regarding Plaintiff's proposed notice and consent forms. *See id.*

The FLSA provides that an action for unlawful employment practices may be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 28 U.S.C. § 216(b). Unlike class actions, FLSA collective actions need not satisfy the requirements of Fed. R. Civ. P. 23, and only plaintiffs who "opt in" by filing consents to join the action are bound by the judgment. *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *2 (S.D.N.Y. Sept. 16, 2013). District courts have "'discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010) (quoting *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (alteration in original)).

The Second Circuit has approved a two-step method to certify FLSA collective actions. *Myers*, 624 F.3d at 555. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* Courts may approve sending notice if "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). Although "unsupported assertions" are not sufficient, the factual showing required "should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.*; *see also Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) ("[A] plaintiff's burden at this preliminary stage is minimal." (quotations omitted)).

"This initial burden is limited, in part, because the determination that the parties are similarly situated is merely a preliminary one and may be modified or reversed" at the second stage of the inquiry. *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007) (quotations omitted). This second stage occurs after notice is sent, the opt-in period ends, and discovery closes.

2

*Mendoza*, 2013 WL 5211839, at *2. At this stage, the district court will have a "fuller record" and can then "determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555.

Having evaluated the parties' submissions, the Court concludes that Plaintiff has met the limited burden, applicable at this stage, for demonstrating that he and other tipped employees of Defendants are similarly situated. Accordingly, the Court grants Plaintiff's request for collective action certification for current and former tipped employees (including delivery workers, waiters, and waitresses) who worked for Defendants within the three years prior to commencement of this action.

The Court will hold a teleconference regarding the proposed notice and consent forms on June 28, 2018 at 3:00 p.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line.

The Clerk of Court is directed to terminate the motion at Dkt. No. 31.

SO ORDERED.

Dated: June 26, 2018  
New York, New York

GREGORY H. WOODS  
United States District Judge